UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA    )
                          )
                          )
    VS.                  )    1:22-CR-148  CMH
                          )
                          )    ALEXANDRIA, VIRGINIA
                          )      AUGUST 19, 2021
                          )
RYAN PATRICK VERMILLION   )
_____)

---

**TRANSCRIPT OF HEARING**
**BEFORE THE HONORABLE CLAUDE M. HILTON**
**UNITED STATES DISTRICT JUDGE**

---

**Proceedings reported by stenotype, transcript produced by**

**Julie A. Goodwin.**

# A P P E A R A N C E S

FOR THE PLAINTIFF:
UNITED STATES ATTORNEY'S OFFICE
By:  MS. KATHERINE E. RUMBAUGH
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia  22314
703.299.3700
katherine.rumbaugh@usdoj.gov


FOR THE DEFENDANT:
COBURN & GREENBAUM, PLLC
By:  MR. MARC J. EISENSTEIN
        -AND-
MR. BARRY COBURN
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
202.657.4490
marc@coburngreenbaum.com
barry@coburngreenbaum.com


OFFICIAL U.S. COURT REPORTER:
MS. JULIE A. GOODWIN, RPR
United States District Court
401 Courthouse Square
Eighth Floor
Alexandria, Virginia  22314

(AUGUST 19, 2022, 10:16 A.M., OPEN COURT.)

THE COURTROOM DEPUTY:  Criminal Number 22-148, *United States of America versus Ryan Patrick Vermillion.*

MR. RUMBAUGH:  Good morning, Your Honor.  Katherine Rumbaugh for the United States.

THE COURT:  Good morning.

MR. EISENSTEIN:  Good morning, Your Honor.  Marc Eisenstein and Barry Coburn for Mr. Vermillion.

THE COURT:  Okay.  Good morning.

MR. RUMBAUGH:  Your Honor, we have the fully executable documents to pass up.

THE COURT:  All right.

Well, what type of hearing do we need to have this morning other than my approval of this?

MR. RUMBAUGH:  Your Honor, I realize this is an unusual situation.  This district doesn't do deferred prosecution agreements very frequently.  Essentially, the government views this as akin to a plea agreement.

The defendant has agreed to admit to a statement of facts.  He's agreed to the filing of a criminal information, which Your Honor has a copy of now.  The only difference really is the nature of the agreement.  Whereas, normally we would see a plea agreement, what we have here is instead a deferred prosecution agreement.

Assuming that the defendant complies with the terms

set forth in the deferred prosecution agreement, at the end of the term, which per the agreement is a period of one year, the government will move to dismiss the criminal information with prejudice.

THE COURT: Do you want me to go ahead as if I were taking the plea, but not impose any sentence?

MR. RUMBAUGH: Yes, Your Honor. I think that's appropriate.

THE COURT: Or do I need to do that?

MR. EISENSTEIN: Your Honor, I believe it's our position if you were to approve the deferred prosecution agreement, I don't think we would need to go through the typical colloquy, given that he's agreed to the statement of facts. So I think if the Court accepts the deferred prosecution agreement, I believe that would be sufficient.

THE COURT: Well, it seemed to me it would.

Do you agree with that?

MR. RUMBAUGH: Yes, Your Honor. I would ask that, just for the record, the Court ask the defendant to confirm that he agrees with the terms set forth in the deferred prosecution agreement, the statement of facts, agrees to the filing of the criminal information. But I agree, we don't need a full, formal plea agreement hearing.

MR. COBURN: And we have no objection to that, Your Honor.

THE COURT: All right. And then you want me simply to enter an order that I've accepted this deferred prosecution agreement?

MR. RUMBAUGH: Yes, Your Honor. I don't think that we need to set this for a further hearing. Should it become necessary, for example, if the defendant were to -- to breach the deferred prosecution agreement, then the government would ask for a status to go through further proceedings. But at this juncture, I don't think it's necessary to set it out for any further hearing.

THE COURT: All right.

Mr. Vermillion, would you come to the podium.

(DEFENDANT COMPLIES.)

THE COURT: Would you state your name.

THE DEFENDANT: Ryan Patrick Vermillion.

THE COURT: And have you reviewed the papers involved in this, mainly the deferred prosecution agreement, the statement of facts, along with the criminal information?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: And are you in full agreement with this deferred prosecution agreement?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: All right. Thank you.

And I'll go ahead and enter such an order that it has been accepted. And I will enter an order so stating and

hopefully that takes care of it.

MR. RUMBAUGH:  Thank you very much, Your Honor.

THE COURT:  All right.  Thank you.

MR. EISENSTEIN:  Thank you, Your Honor.

THE COURT:  Okay.  We'll adjourn until Monday morning at 10:00 o'clock.

THE LAW CLERK:  All rise.

(PROCEEDINGS CONCLUDED AT 10:20 A.M.)

-oOo-

UNITED STATES DISTRICT COURT    )
EASTERN DISTRICT OF VIRGINIA    )

I, JULIE A. GOODWIN, Official Court Reporter for the United States District Court, Eastern District of Virginia, do hereby certify that the foregoing is a correct transcript from the record of proceedings in the above matter, to the best of my ability.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this proceeding was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

Certified to by me this 23RD day of AUGUST, 2022.

___/s/_____
JULIE A. GOODWIN, RPR
Official U.S. Court Reporter
401 Courthouse Square
Eighth Floor
Alexandria, Virginia  22314